# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SOMSACK SINTHASOMPHONE,<br><br>      Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL INC, BARCLAYS BANK OF DELAWARE, CAPITAL ONE, CARMAX AUTO FINANCE, CITIBANK, and AMERICAN HONDA FINANCE CORPORATION,<br><br>      Defendants. | Case No. 21-CV-863-JPS<br><br>**ORDER** |

  On January 20, 2022, Defendants in this case filed a joint motion for the entry of a protective order, along with a proposed order. (Docket #55, #55-1). Defendants request that the Court enter such an order because discovery in this case, which involves allegation of violations of the Fair Credit Reporting Act, will likely entail the disclosure of consumer financial information, as well as trade secrets or other nonpublic confidential information including financial, personal, or business information. (Docket #55 at 1). Federal Rule of Civil Procedure Rule 26(c) allows for an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including "requiring that a trade secret or other confidential research, development, or commercial information . . . be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G); *see also* Civ. L.R. 26(e).

  Protective orders are an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the

maximum extent consistent with respecting trade secrets . . . and other facts that should be held in confidence." *Hicklin Eng'r, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause and that the order is narrowly tailored to serve that cause. Fed. R. Civ. P. 26(c); *Citizens First*, 178 F.3d at 945; *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (even when parties agree to the entry of a protective order, they still must demonstrate the existence of good cause). The Court can find that even broad, blanket orders are narrowly tailored and permissible when it finds that two factors are satisfied:

> (1) that the parties will act in good faith in designating the portions of the record that should be subject to the protective order; and
>
> (2) that the order explicitly allows the parties to the case and other interested members of the public to challenge the sealing of documents.

*Cnty. Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 740 (7th Cir. 2006).

The Court finds that Defendants have requested the protective order in this case in good faith. They report that this case will entail the disclosure of information "containing trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information." (Docket #55 at 1). Based on this, the Court is satisfied that there exists a sufficient basis for the requested protective order. Because Defendants' proposed protective order adequately complies with the standards set forth above, the Court will enter an order based on the parties' submission.

Defendants have modeled their proposed protective order off the one set forth in the Appendix to the Court's Local Rules, with certain additions redlined for ease of reference. The Court will adopt the proposed order, including its additions, with certain alterations. The Challenges to

Confidentiality section has been modified slightly to make clear that any party or member of the public may challenge confidentiality. This aligns with the policy that litigation should occur in the public eye. Additionally, the Maintenance of Confidentiality section has been modified to clarify the circumstances under which a document should be filed as a restricted document rather than one under seal.

Accordingly,

**IT IS THEREFORE ORDERED** that, pursuant to Federal Rule of Civil Procedure 26(c) and Civil Local Rule 26(e):

**(A) DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION.** Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(1) One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes the information or documents contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information.

(2) One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain particularly sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a "CONFIDENTIAL" designation.

(3) Except for information, documents, or other materials

produced for inspection at the Party's facilities, the designation of confidential information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked "CONFIDENTIAL" after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(4) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if designated as such when the deposition is taken or within thirty (30) days of receipt of the deposition transcript.

(5) If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within ten (10) days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected

confidential designation.

**(B) DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.** Information, documents, or other material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (B)(1) and (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals). The parties must not disclose information, documents, or other material designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified. Nothing in this Order prohibits a receiving party that is a government agency from following its routine uses and sharing such information, documents or other material with other government agencies or self-regulatory organizations as allowed by law.

(1) CONFIDENTIAL INFORMATION. The Parties and counsel for the Parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other Party or third party under this Order, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to employees of counsel for the Parties or, when the Party is a government entity, employees of the government, who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the Parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made only to employees of a Party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other Parties in advance of the disclosure of the confidential information, documents or other material.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must complete the Confidentiality Agreement, attached hereto as Exhibit A.

(d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence and must complete the Confidentiality Agreement, attached hereto as Exhibit A.

(e) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(f) Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

(2) ATTORNEYS' EYES ONLY INFORMATION. The Parties and counsel for the Parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other Party or third party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to the Parties' counsel.

(b) Disclosure may be made to employees of counsel for the Parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the Parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence and must complete the Confidentiality

Agreement, attached hereto as Exhibit A.

(e) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(f) Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

**(C) GRAMM LEACH BLILEY ACT.** Documents and information, to the extent they are or contain non-public personal information (NPI) as defined in the Gramm Leach Bliley Act (GLBA) and its implementing regulations, are or will be produced to respond to judicial process, as contemplated in the GLBA and its implementing regulations. Further, to the extent the documents or information are or contain non-public personal information (NPI) as defined in the GLBA and its implementing regulations, Plaintiff has consented to their disclosure to the Court and all parties in the litigation.

**(D) MAINTENANCE OF CONFIDENTIALITY.** Except as provided in subparagraph (B), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

(a) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that

designation.

(b) Parties may seek to have a document either "restricted" or "sealed." Gen. L.R. 79(d)(1). Restricted documents can be accessed only by the Court and counsel for both parties, whereas only the Court can access sealed documents. *Id.* To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, those papers must be redacted only to the extent necessary. If the parties seek to seal or restrict a document, either in part or in full, they must file a motion to seal or restrict that document, together with a redacted copy on the record. They must also simultaneously file unredacted copies under seal or as a restricted document with the Clerk of Court via the CM-ECF system. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal or as a restricted document. If a Court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by a third party, the party making the filing shall provide notice of the filing to the third party.

**(E)  CHALLENGES TO CONFIDENTIALITY DESIGNATION.** A party or interested member of the public may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil Local Rule 37. The designating Party bears the burden of proving that the information, documents, or other material at issue are

properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

**(F) INADVERTENT DISCLOSURE OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY OR PRIVILEGED INFORMATION.** A Party who has inadvertently failed to designate certain documents or information as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" may do so after the discovery of the inadvertent failure to designate, without waiving the CONFIDENTIAL or ATTORNEYS EYES ONLY status of those documents or information. Thereafter, the receiving Party must return the original information and all copies of the same to the producing Party, sequester the original information and all copies of the same, or add the appropriate designation to the original information and all copies of the same. A Party who has inadvertently produced privileged information does not waive any privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privilege or work-product-protected documents in this case as part of a large production is not itself a waiver in this case or any other federal or state proceeding. In addition, information that contains privileged matter or attorney work product shall be immediately sequestered if such information appears on its face to have been inadvertently produced. When any Party identifies such privileged or protected information, the Party that received the privileged document or information: (1) shall not use, and shall immediately cease any prior use of, such information; (2) shall take reasonable steps to retrieve the information from others to which the receiving Party disclosed the information; (3) shall within five (5) business days of the producing Party's request sequester the information and all copies thereof; and (4) shall confirm to the producing Party the sequester of all copies of the information. Only after complying with steps 1 through 4 above, may the

receiving party challenge any claim of privilege or protection by the producing party.

**(G) CONCLUSION OF LITIGATION.** At the conclusion of the litigation, a Party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order be returned to the originating Party or, if the Parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a Party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

**(H)** This Protective Order shall continue in effect after termination of this action and continue to be binding on all persons to whom CONFIDENTIAL information was disclosed.

**(I)** If CONFIDENTIAL information is disclosed to any person other than in the manner authorized in this Protective Order, the Party responsible for the disclosure must immediately inform the other persons in possession of such CONFIDENTIAL information pursuant to the terms of this Protective Order of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent further disclosure by each unauthorized person who received CONFIDENTIAL information.

**(J)** Any person in possession of CONFIDENTIAL information who receives a public records request or subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments, bodies, boards, or associations) who is not a party to this Protective Order, seeking production or other disclosure of another party's CONFIDENTIAL information, shall promptly give telephonic notice and written

notice to counsel for the designating Party, person or entity, enclosing a copy of the subpoena or other process. In no event shall production or other disclosures be made before the later of (a) thirty (30) days following the date on which notice is given, or (b) the return date of the subpoena, unless otherwise required by applicable law or by court order.

Dated at Milwaukee, Wisconsin, this 1st day of February, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SOMSACK SINTHASOMPHONE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL INC, BARCLAYS BANK OF DELAWARE, CAPITAL ONE, CARMAX AUTO FINANCE, CITIBANK, and AMERICAN HONDA FINANCE CORPORATION,<br><br>　　　　　　　　Defendants. | Case No. 21-CV-863-JPS<br><br>**CONFIDENTIALITY AGREEMENT** |

　　　　The undersigned hereby acknowledges that he/she has read the Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Wisconsin in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY" in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such materials to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Dated: _____

Signature: _____