# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SOMSACK SINTHASOMPHONE,<br><br>Plaintiff,<br><br>v.<br><br>ALLY FINANCIAL INC., BARCLAYS BANK OF DELAWARE, CAPITAL ONE, CARMAX AUTO FINANCE, CITIBANK, and AMERICAN HONDA FINANCE CORPORATION,<br><br>Defendants. | Case No. 21-CV-863-JPS<br><br>**ORDER** |

This case comes before the Court on defendant CarMax Auto Finance ("CAF")'s motion to dismiss the second amended complaint (hereinafter, "the Complaint") for lack of standing and failure to state a claim against CAF. ECF No. 48. The motion has been briefed to the hilt. Nonetheless, on May 5, 2022, CAF filed a supplemental brief in support of its motion to dismiss, in which it sought summary judgment based on Plaintiff Somsack Sinthasomphone ("Plaintiff") and his wife's deposition transcripts in a separate but related proceeding. ECF No. 67. For the reasons explained below, the Court will deny the motion to dismiss and order the parties to brief their summary judgment motions appropriately.

The Court will also deny defendant Capital One's motion for leave to file a motion for summary judgment absent an agreed-upon statement of facts. ECF No. 68. Evidently, Capital One failed to meet and confer with Plaintiff, as required, within thirty days of the dispositive motion deadline. When Capital One approached Plaintiff with a proposed statement of facts,

Plaintiff vaguely said that he had additional facts that he wished to include and suggested filing a motion for leave to file a motion for summary judgment without an agreed-upon statement of facts.

No party may so easily flout the Court's directives. For this branch of the court has neither the time nor the resources to engage in what might be charitably described as an archeological dig or truffle hunt scouring the record in search of facts either in support of, or contrary to, the positions taken by the parties. Therefore, the Court will extend the dispositive motions deadline for CAF and Capital One until Friday, June 3, 2022. The trial and all trial-related deadlines will remain in place. *See* ECF No. 38. Plaintiff is ordered to meet and confer with CAF and Capital One separately. A meet and confer is not an email or a telephone call; it is an in-person meeting, if possible, or a videoconference if not. The parties must identify relevant jury instructions *before* their meeting and come to the meeting prepared to discuss the facts in the record as they relate to the elements of each claim and defense, all as addressed in the applicable jury instructions. Together, the parties must prepare an agreed statement of facts which is to be submitted in a narrative paragraph form that contains *only* the material facts and the minimum necessary contextualizing facts alongside pinpoint citations to the record.

If the parties disagree with one another, the parties may each submit a set of itemized, disputed facts supported by separate pinpoint citations to the record. No set of facts may run longer than a single page. If a disputed fact hinges on witness credibility, which remains a question for the jury, then the disputing party may cite appropriate caselaw to oppose summary judgment on that point. If the parties cannot agree upon a set of facts, or if any of the disputed facts are material, then summary judgment is not

appropriate. Fed. R. Civ. P. 56(a). In short, simply because an attorney can submit a motion for summary judgment does not mean that they have an obligation to do so. At the same time, this is not an invitation for Plaintiff to be undisciplined. Litigation is a costly and resource-intensive proposition; counsel for both parties should be sensible in their approach.

Additionally, on April 6, 2022, Plaintiff and defendant Citibank, N.A. ("CitiBank") filed a stipulation to dismiss the claims against CitiBank with prejudice and without costs pursuant to Federal Rule of Civil Procedure 41(a)(2), ECF No. 61; these parties had previously filed a motion to dismiss the claims against CitiBank, ECF No. 60. The Court will adopt the stipulation, dismiss CitiBank's claims with prejudice, and deny the motion to dismiss as moot. The Court also acknowledges the notice of settlement between Plaintiff and defendant Barclays Bank of Delaware; the parties inform the Court that they will file a notice of voluntary dismissal by June 27, 2022. ECF No. 66.

### 1. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) provides for dismissal of complaints which, among other things, fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Olson v.*

Page 3 of 9
Case 2:21-cv-00863-JPS   Filed 05/11/22   Page 3 of 9   Document 69

*Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015) (internal citations and quotations omitted). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (internal citations and quotations omitted).

2.  **RELEVANT ALLEGATIONS**

    2.1  **The Complaint**

    The story begins with Equifax, a consumer reporting agency that accidentally mixed Plaintiff's information with that of another consumer. That case is not before the Court. The case before the Court involves the reporting practices of the above-captioned credit companies. Plaintiff does not have accounts with any of the defendants. Yet, he alleges, each defendant—including CAF—reported to Equifax that Plaintiff had an account with them. Thus, according to Plaintiff, Equifax was not the only consumer financial company that mixed up his information.

    In August 2019, Plaintiff disputed the various reported accounts, including the CAF account, to Equifax. In his dispute, Plaintiff included his full name, address, Social Security Number, date of birth, and driver's license information. Equifax, in turn, went to CAF to inquire about the account. Plaintiff alleges that CAF would have received a report including all of Plaintiff's personally identifying information, which it ought to have used to confirm that no account existed.

    Nevertheless, Plaintiff alleges, despite receiving sufficient identifying information, and despite not having an account associated with

Plaintiff, each defendant, including CAF, verified to Equifax that the account should continue to appear on Plaintiff's credit file. Each of these credit reports, including the report from CAF, reflected payment obligations that were not properly associated with Plaintiff. These accounts negatively affected Plaintiff's credit, prevented him from obtaining credit cards and a mortgage, and caused him significant emotional distress.

### 2.2 The Price Declaration

CAF's motion to dismiss includes a declaration from Melissa Price ("Price"), who is a Credit Maintenance Lead Representative at CAF. CAF encourages the Court to consider it. Federal Rule of Civil Procedure 12(d) explains that "[I]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

CAF's heavy reliance on the Price declaration ought to have been its first indication that a 12(b) motion was not proper. The Court declines to consider CAF's motion as one under Rule 56—as the discussion in this Order's introduction makes clear, the Court's summary judgment protocol may not be so easily evaded. Moreover, even if the Court were to consider the Price declaration, it is woefully deficient. Price confirms that Plaintiff is not one of CAF's customers—a fact to which Plaintiff would agree. *See* ECF No. 36 ¶ 12. Price then recounts three separate disputes that CAF received from Equifax regarding consumer financial information between April 2018 and October 2020. It is not clear whether the first two related to Plaintiff; the last dispute did. According to Price, CAF sought to correct the

information that Equifax presented and at no point reported any information regarding Plaintiff to Equifax.

The problems with Price's declaration are manifold and do little to dispel Plaintiff's claims. Presumably CAF seeks to prove, through Price, that CAF did not have any information about Plaintiff at all, and therefore CAF could not have provided Equifax with erroneous information about Plaintiff. Price says that Plaintiff did not currently have a contractual relationship with CAF, but did he ever? Who is the other consumer for whom Equifax reported disputes? Was CAF's information about that consumer, correct? When CAF reported on the dispute involving Plaintiff, how did CAF know that the information they furnished was correct? In short, Price's declaration leaves much to be desired. Hopefully, the parties' summary judgment submissions will add foliage to the factual landscape.

3. ANALYSIS

3.1 Standing

To have Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that fact is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). These requirements are rooted in Article III, which limits a federal court's authority to resolve "Cases" and "Controversies." U.S. Const. art. III, § 2. A plaintiff "bears the burden of establishing these elements." *Spokeo, Inc.*, 136 S. Ct. at 1547. An "injury in fact" is "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations and quotations omitted). To be "concrete," an

alleged harm need not be tangible, but it must be "'real,' and not 'abstract.'" *Spokeo*, 136 S. Ct. at 1548–49.

Here, Plaintiff alleged that CAF reported erroneous information about him to Equifax, which negatively affected his credit report, caused him embarrassment, and prevented him from obtaining credit cards and a mortgage. He seeks damages for his injury. The Court finds that Plaintiff has sufficiently articulated an injury-in-fact caused by CAF's conduct that could be fairly redressable by this Court. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2209 (2021) (finding that plaintiffs suffered an injury-in-fact when TransUnion erroneously reported to third parties that these plaintiffs were "potential matches" to an individual on a terrorist watch list).

### 3.2  Claim Under 15 U.S.C. § 1681s-2(b)

Section 1681s-2(a) imposes a duty on credit reporting companies to furnish accurate information to consumer reporting agencies. Section 1681s-2(b) imposes several obligations on credit reporting companies when they receive notice of a dispute "with regard to the completeness or accuracy of any information provided . . . to a consumer reporting agency." These obligations include undertaking an investigation of the available information, communicating with the consumer reporting agency, and taking various remedial steps to correct inaccurate or incomplete information. 15 U.S.C. § 1681s-2(b)(1).

Plaintiff alleges that CAF willfully or negligently gave Equifax inaccurate or incomplete information based on its failure to properly investigate, review, and report the results of its investigation regarding Plaintiff's erroneous account information. Specifically, Plaintiff alleges that CAF erroneously verified to Equifax that certain information belonged to Plaintiff. Plaintiff alleges that CAF's investigation was unreasonable—that,

with the personal identifying information available, CAF ought to have been able to correct the inaccurate reporting, but it did not. The Court finds that this is sufficient to state a claim under Section 1681s-2(b).

### 4. CONCLUSION

For the reasons explained above, CAF's motion to dismiss will be denied. Plaintiff, CAF, and Capital One are ordered to meet and confer as described in this Order and the Court's trial scheduling order, ECF No. 38.

Accordingly,

**IT IS ORDERED** that CarMax Auto Finance's motion to dismiss, ECF No. 48, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff and CitiBank N.A.'s stipulation to dismiss, ECF No. 61, be and the same is hereby **ADOPTED**; their joint motion to dismiss, ECF No. 60, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's claims against CitiBank, N.A. be and the same are hereby **DISMISSED with prejudice**; CitiBank, N.A. be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Capital One's motion for leave to file summary judgment, ECF No. 68, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Capital One, CarMax Auto Finance, and Plaintiff meet and confer pursuant to the Court's previous directives and file any appropriate motion for summary judgment no later than **Friday, June 3, 2022**.

Dated at Milwaukee, Wisconsin, this 11th day of May, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge